IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 8 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02358-BNB

DARREN CHANDLER,
    Applicant,

v.

WARDEN JOHN DAVIS, and
JOHN SUTHERS, Attorney General of the State of Colorado,
    Respondents.

---

ORDER TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant, Darren Chandler, is in the custody of the Colorado Department of Corrections at the Buena Vista Correctional Facility in Buena Vista, Colorado. Mr. Chandler initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 22, 2010, he filed an amended habeas corpus application (Doc. #5). Mr. Chandler is challenging the validity of his conviction for second degree assault in Denver District Court case number 07CR2496.

In an order filed on November 23, 2010, Magistrate Judge Craig B. Shaffer directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action. On November 30, 2010, Respondents filed their Pre-Answer Response (Doc. #9). On December 20, 2010, Mr. Chandler filed a reply to the Pre-Answer Response (Doc. #10).

The Court must construe the amended application and other papers filed by Mr. Chandler liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will draw this case to a district judge and to a magistrate judge.

Mr. Chandler was convicted by a jury of second degree assault, third degree assault, and misdemeanor child abuse. Following his adjudication as an habitual offender, he was sentenced to thirty-two years in prison on the second degree assault count along with concurrent terms in the Denver County Jail on the third degree assault and misdemeanor child abuse counts. The judgment of conviction was affirmed on direct appeal. *See People v. Chandler*, No. 07CA2444 (Colo. App. Mar. 18, 2010) (unpublished) (Doc. #9-4). On August 9, 2010, the Colorado Supreme Court denied Mr. Chandler's petition for writ of certiorari on direct appeal. (*See* Doc. #9-6.)

On March 23, 2010, Mr. Chandler filed in the trial court a postconviction motion to correct his sentence pursuant to Rule 35(a) of the Colorado Rules of Criminal Procedure. The trial court denied that motion on March 29, 2010. On June 14, 2010, Mr. Chandler filed a second postconviction Rule 35(a) motion that was denied by the trial court on July 6, 2010. Mr. Chandler did not appeal from the denial of either postconviction motion.

The Court received the original habeas corpus application for filing on September 21, 2010. Mr. Chandler asserted one claim in the original application arguing that he had been denied a fair trial because "[t]he [trial] Court unfairly usurped

the jury's function by refusing to give an instruction for a lesser offense." (Doc. #2 at 6.) In his amended application, Mr. Chandler again asserts one claim for relief arguing that "[t]he [trial] Court usurped the jury's function of weighing the evidence, by failing to give the requested instruction on a lesser offense of 2° Assault After Provocation." (Doc. #5 at 6.) Although Mr. Chandler does not specifically refer to the United States Constitution or the denial of a fair trial in the amended application, the Court construes Mr. Chandler's claim in the amended application liberally as a constitutional due process claim alleging the denial of a fair trial.

Respondents concede that the instant action is timely filed pursuant to 28 U.S.C. § 2244(d). Respondents also concede that Mr. Chandler's claim in the amended application is the same claim he raised on direct appeal. However, Respondents argue that Mr. Chandler's due process claim in the amended application is not exhausted and is procedurally barred because the claim was not fairly presented to the Colorado state courts on direct appeal as a federal constitutional claim.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents argue that Mr. Chandler failed to exhaust his due process claim because in his state court briefs on direct appeal he made only "a fleeting reference to 'due process' and the 'right to a fair trial,' citing the Colorado and United States Constitutions" (Doc. #9 at 8) without citing any federal case law or articulating how the failure to include the requested instruction impacted the fundamental fairness of his trial. Mr. Chandler counters that the due process claim is exhausted because he specifically referenced the federal Constitution in the following argument that appeared in his opening brief on direct appeal:

4

> The Due Process Clauses of the United States and Colorado constitutions guarantee every criminal defendant the right to a fair trial. *See U.S. Const.* amends. V, XIV; *Colo. Const.* art. II, §§ 16, 25. "It is an essential feature of a fair trial that the trial court correctly instruct the jury on all matters of law." *People v. Harlan*, 8 P.3d 448, 471 (Colo. 2000).

(Doc. #9-1 at 13.)

The Court finds that Mr. Chandler's explicit references to the Due Process Clause of the United States Constitution in support of his argument that he was denied a fair trial satisfies the fair presentation requirement. **See Hawkins v. Mullin**, 291 F.3d 658, 664 (10th Cir. 2002) (reference to due process and Eighth Amendment's freedom from cruel and unusual punishment satisfied fair presentation requirement); **Nichols v. Sullivan**, 867 F.2d 1250, 1252-53 (10th Cir. 1989) (reference in docketing statement to Fifth Amendment satisfied fair presentation requirement); *see also Davis v. Strack*, 270 F.3d 111, 122 (2d Cir. 2001) (stating that fair presentation requirement is satisfied by citation in state court briefs to specific provisions of the United States Constitution). As a result, the Court finds that Mr. Chandler's due process claim is exhausted.

In summary, Respondents do not raise the affirmative defense of the one-year limitation period and the Court finds that Mr. Chandler's only claim for relief in the amended application is exhausted. Therefore, upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the case will be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 18th day of January, 2011.

BY THE COURT:

*Zita Leeson Weinshienk*
_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02358-BNB

Darren Chandler
Prisoner No. 59346
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on January 18, 2011.

                                                      GREGORY C. LANGHAM, CLERK

                                          By: _____
                                                      Deputy Clerk