IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02358-PAB

DARREN CHANDLER,

    Applicant,

v.

JOHN DAVIS, Warden, Buena Vista Correctional Facility, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

**ORDER DENYING PETITION FOR HABEAS CORPUS**

The matter before the Court is an Amended Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket No. 5]. The Court has determined that the Application can be resolved on the parties' briefing and that no oral argument or evidentiary hearing is necessary. *See* 28 U.S.C. § 2254(e); Fed. R. Governing Section 2254 Cases 8(a).

**I.   Background**

In October 2007, a jury in the District Court for the City and County of Denver, Colorado, Case Number 07CR2496, found Applicant guilty of second degree assault, third degree assault, and misdemeanor child abuse.

These charges were based on an April 2007 argument between Applicant and the mother of his baby (hereinafter referred to as the "victim"). The facts are drawn from the background summary contained in *People v. Chandler*, No. 07CA2444, slip.op. at 1-2 (Colo. App. Mar. 18, 2010). During the argument, Applicant slapped the

victim. Testimony regarding what happened afterwards was disputed. The victim claimed that Applicant got on top of her and repeatedly punched her in the face. Conversely, Applicant claimed the victim charged him, forced him to the ground, and started to choke him, and he necessarily hit her with his open hands in an attempt to get her off of him.

The jury considered the original charges of second degree assault and misdemeanor child abuse and, at Applicant's request, the lesser non-included charge of third degree assault. Applicant sought a heat of passion instruction with respect to his second degree assault charge based on his testimony that the victim threatened to harm him and said that she wished she never had his baby. The trial court refused to give the heat of passion instruction because it concluded there was insufficient evidence of provocation.

Following the verdict, Applicant was adjudicated a habitual criminal and sentenced to a total of thirty-two years in the custody of the Colorado Department of Corrections plus three years of mandatory parole. The Colorado Court of Appeals (CCA) affirmed the convictions, *id.*, and the Colorado Supreme Court denied certiorari review. *Chandler v. People*, No. 2010SC286, slip op. (Colo. Aug. 9, 2010).

**II.    Habeas Claims**

Applicant filed a one-claim Application For Writ Of Habeas Corpus on September 27, 2010, Docket No. 2, and filed an Amended Application on November 22, 2010, Docket No. 3. Respondents thereafter filed a pre-Answer response that challenged the Application on exhaustion grounds on November 30, 2010. Docket No. 9.

On January 18, 2011, Senior District Judge Zita L. Weinshienk found that the single claim presented was properly exhausted for purposes of habeas review and ordered the Application to be drawn to a district judge. Docket No. 11. Respondents subsequently filed a full response on February 22, 2011. Docket No. 16. Applicant filed a traverse on March 21, 2011. Docket No. 17.

Applicant claims that "[t]he [trial] Court usurped the jury's function of weighing the evidence, by failing to give the requested instruction on a lesser offense of 2[nd degree] Assault After Provocation." Am. Application (Docket No. 5), at 6. The Court has liberally construed this claim as a constitutional due process claim alleging the denial of a fair trial. Docket No. 11 at 3.

### III.   Legal Standard

#### A.   Habeas Corpus Actions

Because Applicant filed his Application after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), that statute governs the Court's review. *Cannon v. Mullin,* 383 F.3d 1152, 1158 (10th Cir. 2004) (citing *Rogers v. Gibson,* 173 F.3d 1278, 1282 n.1 (10th Cir. 1999)). Under the AEDPA, a district court may only consider a habeas petition when the petitioner argues that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

As a prerequisite to filing a federal habeas case, a state prisoner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 845 (1999).  The Court has previously found that Applicant has exhausted state remedies for his remaining claim.  Order (Docket No. 11), at 5.

When reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a state appellate court.  See *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  "When a federal district court reviews a state prisoner's habeas petition pursuant to 28 U.S.C. § 2254 . . . [it] does not review a judgment, but the lawfulness of the petitioner's custody *simpliciter*."  *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (internal quotations and citations omitted).

A writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1).  See *Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003).  The threshold question pursuant to § 2254(d)(1) is whether a petitioner seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final.  See *Williams v. Taylor*, 529 U.S. 362, 390 (2000).  Clearly established

federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id*. at 412. Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008). "Supreme Court holdings . . . must be construed narrowly and consist only of something akin to on-point holdings." *Id*. at 1015.

If there is no clearly established federal law, that is the end of the Court's inquiry. *Id*. at 1017-18; *Carey v. Musladin*, 549 U.S. 70 (2006). If a clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to, or an unreasonable application of, that clearly established rule of federal law. *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard v. Boone*, 468 F.3d 665, 669 (10th Cir. 2006) (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id*. at 407-08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.


*House*, 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an objective one. See *Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id*. at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Id*.

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2). See *Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002). Section 2254(d)(2) allows a court to grant a writ of habeas corpus only if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. Pursuant to § 2254(e)(1), the Court must presume that the state court's factual determinations are correct and Applicant bears the burden of rebutting the presumption by clear and convincing evidence. "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

The Court "[o]wes deference to the state court's *result*, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999) (emphasis in original). Therefore, the Court "must uphold the state court's summary decision

6

unless [an] independent review of the record and pertinent federal law persuades [the Court] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id*. at 1178. "This 'independent review' should be distinguished from a full *de novo* review of the petitioner's claims." *Id*.

    **B.**    *Pro Se* **Litigant**

Applicant is proceeding *pro se.* The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that an applicant can prove facts that have not been alleged or that a respondent has violated laws in ways that an applicant has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). The Applicant's *pro se* status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**IV.**    **Analysis**

"Unless the constitution mandates a jury instruction be given, a habeas petitioner must show that, in the context of the entire trial, the error in the instruction was so fundamentally unfair as to deny petitioner due process." *Tiger v. Workman*, 445 F.3d

1265, 1267 (10th Cir. 2006) (citing *Middleton v. McNeil*, 541 U.S. 433, 437 (2004); *Spears v. Mullin*, 343 F.3d 1215, 1244 (10th Cir. 2003)). To obtain relief, a habeas application must demonstrate that the erroneous instruction "by itself so infected the entire trial that the resulting conviction violates due process." *Henderson v. Kibble*, 431 U.S. 145, 154 (1977) (quoting *Cupp v. Naughten,* 414 U.S. 141, 147 (1973)). Since the issue here is the omission of a particular instruction, it "is less likely to be prejudicial than a misstatement of the law." *Id*. at 155.

Colorado courts have definitively held that the heat of passion modifier to second degree assault is a sentence mitigating factor rather than an express element of the crime. *People v. Howard*, 89 P.3d 441, 444 (Colo. App. 2003); *see also Rowe v. People*, 856 P.2d 486, 491-92 (Colo. 1993) (heat of passion mitigator is neither an affirmative defense nor a lesser-included offense). The due process inquiry is controlled by the state court's interpretation of its own laws. *Patton v. Mullin*, 425 F.3d 788, 802 (10th Cir. 2005) (citing *McMillan v. Pennsylvania*, 477 U.S. 79, 85 (1986); *Chapman v. LeMaster*, 302 F.3d 1189, 1196 (10th Cir. 2002)). There is no clearly established federal law that requires a court to give an instruction for such a sentence modifier. "[T]he prosecution need not prove, and the jury need not be instructed about, the absence of heat of passion provocation as a sentence enhancer under *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)]." *People v. Villarreal*, 131 P.3d 1119, 1127 (Colo. App. 2005). *Cf. Beck v. Alabama*, 447 U.S. 625, 638 n.14 (1980) (Supreme Court has never recognized federal constitutional right to a lesser included offense instruction in non-capital cases); *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004) (claim based

on failure to give lesser included offense instruction is automatically non-reviewable in Tenth Circuit). As a result, this Court only needs to broadly review Applicant's claim to determine if the failure to give the instruction requested was "fundamentally unfair." Under Colorado law, the elements of the heat of passion mitigator to second degree assault are (1) the act was performed in a sudden heat of passion; (2) caused by a "serious and highly provoking act of the intended victim"; (3) which was sufficient "to excite an irresistible passion in a reasonable person"; and (4) there was no "interval between the provocation and the injury sufficient for the voice of reason and humanity to be heard." Colo. Rev. Stat. § 18-3-203(2)(a) (2007).

As to the first factor, the CCA found that Applicant never testified that he lost self-control or that he acted under a sudden heat of passion. *People v. Chandler*, No. 07CA2444, slip op. at 5-6. As to the second and third factors, the CCA found that the victim's actions, including her demand that Applicant leave, her refusal to let Applicant use the phone, her statements prior to the fight, her act of bumping the Applicant in a hallway, and their disagreements on how to care for the baby, were not evidence that the victim acted in a serious and highly provoking manner sufficient to excite an irresistible passion in a reasonable person. *Id*. at 6-10.

The CCA's decision does not appear to be based upon an unreasonable determination of facts in light of the evidence presented in the state court proceedings. It was Applicant's duty to establish that all four factors had at least some evidence supporting them. *Cassels v. People*, 92 P.3d 951, 956 (Colo. 2004); *Villarreal*, 131 P.3d at 1128. A failure to establish any single factor was sufficient grounds for the trial court to not give the mitigation instruction, and the CCA adequately demonstrated that

at least three of the four factors were unsupported. The CCA did not say the fourth factor *had* been met, only that it need not address it due to the failure to establish any of the first three factors. *People v. Chandler*, No. 07CA2444, slip op. at 10.

Therefore, the trial court's failure to include an instruction on the heat of passion statutory mitigator did not deprive Applicant of due process or a fair trial, and he is not entitled to habeas relief.

**V.    Order**

Accordingly, it is

ORDERED that the Amended Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Docket No. 5; Nov. 22, 2010) is denied and the Application is dismissed with prejudice. It is further

ORDERED that a certificate of appealability shall not issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED August 31, 2011.

> BY THE COURT:
>
> s/Philip A. Brimmer
> PHILIP A. BRIMMER
> United States District Judge